```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

MICKEL ANTHONY,                 *

    Plaintiff,                  *

vs.                             *
                                                CASE NO. 4:24-CV-194 (CDL)

DOLGENCORP LLC,                 *

    Defendant.                  *

## O R D E R

The United States Magistrate Judge recently issued a Report and Recommendation which recommended that this action be dismissed without prejudice because of Plaintiff's failure to comply with the Magistrate's order to recast his complaint to include more specific factual allegations. R. & R. (Sept. 29, 2025), ECF No. 11. The Court adopted that Report and Recommendation, finding that the United States Magistrate Judge's recommendation was not clear error. Order (Oct. 23, 2025), ECF No. 13. Less than a week after the Court entered the Order adopting the Report and Recommendation, Plaintiff filed a motion for reconsideration, explaining that he had not responded to the Report and Recommendation because he did not receive it. Instead, it was returned to the Court. Mail Returned (Oct. 15, 2025), ECF No. 12. The Court construes Plaintiff's present motion for reconsideration (ECF No. 15) as an objection to the Report and Recommendation, and the Court finds that the objection should be considered timely

under the circumstances of this case given that Plaintiff did not receive the Report and Recommendation when it was issued. Therefore, the Court hereby VACATES the order adopting the Report and Recommendation, as well as the judgment of dismissal.

Given Plaintiff's objection to the Report and Recommendation, the Court must perform a de novo review of the record. In his objection, Plaintiff set forth additional, specific facts about his religious discrimination and retaliation claims, including that he is a Jehovah's Witness, that it is against his religious beliefs to sell tobacco, and that a supervisor told him when he was hired that it would not be a problem if he could not sell tobacco. Plaintiff also stated in his objection that he was fired shortly after he asked his supervisor for a day off to attend a religious convention, which was also soon after Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging religious discrimination. Finally, Plaintiff stated in his objection that he was replaced with someone who does not share his religious beliefs.

Had the Court received the objection before it adopted the Report and Recommendation, the Court would have remanded the matter to the Magistrate for additional consideration in light of the more specific allegations. To ensure that all of Plaintiff's factual allegations are in a single document, the Court orders Plaintiff to file an amended recast complaint, which should include

the factual allegations from Plaintiff's original complaint, his recast complaint, and his objection/motion for reconsideration. Plaintiff shall file the amended recast complaint by December 16, 2025. Plaintiff is hereby notified that if his amended recast complaint does not include specific facts to support a plausible claim, then this action will be dismissed. Once Plaintiff files the amended recast complaint, the Magistrate shall review it and determine whether the amended recast complaint should proceed for further factual development.

IT IS SO ORDERED, this 18th day of November, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA