IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MICKEL ANTHONY,<br><br>Plaintiff,<br><br>vs.<br><br>DOLGENCORP, LLC,<br><br>Defendant. | *<br>*<br>*<br>*<br>* | CASE NO. 4:24-CV-194 (CDL) |

O R D E R

Mickel Anthony alleges that he was harassed and ultimately terminated from his job at a Dollar General store because of his religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant Dolgencorp, LLC filed a motion to compel arbitration, asserting that Anthony agreed to arbitrate any claims arising out of his employment. For the reasons set forth below, the Court grants the motion to compel arbitration (ECF No. 32).

The Federal Arbitration Act "reflects a 'liberal federal policy favoring arbitration.'" *Tejon v. Zeus Networks, LLC*, 174 F.4th 1322, 1326 (11th Cir. 2026) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). Parties cannot be forced to arbitrate if they have not agreed to do so, but if "the existence of the agreement is not genuinely disputed, the court must compel arbitration." *Lamonaco v. Experian Info. Sols.*,

*Inc.*, 141 F.4th 1343, 1347 (11th Cir. 2025) (citing 9 U.S.C. § 4). Here, Anthony does not seriously dispute the existence of an arbitration agreement.

The present record establishes that Dollar General hired Anthony as a sales associate on October 2, 2023. Roach Decl. ¶ 4, ECF No. 32-2. Anthony completed the new hire paperwork through Dollar General's online portal. *Id.* He agreed to complete the online hiring process using an electronic signature. *Id.*; Roach Decl. Ex. 1, Anthony E-Signature Agreement (stating that Anthony's initials, in conjunction with his personal password for the Dollar General computer system, will constitute Anthony's electronic signature). On December 30, 2023, after Anthony turned eighteen, Dollar General presented him with an arbitration agreement. Roach Decl. ¶ 5. The agreement states that with the exception of certain claims that are not at issue here, "any legal claims or disputes" that an employee has against Dollar General arising out of his employment or his termination will be addressed in arbitration. Roach Decl. Ex. 2, Arbitration Agreement. The agreement states that an employee can opt out of the arbitration agreement by submitting an arbitration opt out form. *Id.* The form provided the employee with two options. The first option stated: "I would like to take up to 30 days after the start of my employment with Dollar General to review and consider this

agreement. I understand that if I do not expressly opt out within 30 days . . . using the process described above," the employee and Dollar General will be bound by the terms of the arbitration agreement. *Id.* The second option stated: "I agree to the terms of the Agreement. I understand and acknowledge that by checking this box, both Dollar General and I will be bound by the terms of the Agreement." Dolgencorp presented evidence that Anthony selected the second option, agreeing to the terms of the arbitration agreement, and electronically signed the form. *Id.*; Roach Decl. ¶ 7. Dolgencorp also presented evidence that Anthony did not submit an arbitration opt out form. Roach Decl. ¶ 8.

Anthony did not point to any evidence to dispute Dolgencorp's evidence that he affirmatively accepted the arbitration agreement on December 30, 2023. Anthony also did not point to any evidence that he opted out of the arbitration agreement. Thus, the present record demonstrates that Anthony agreed to the arbitration agreement, and there are no genuine fact disputes on this issue.

As discussed above, the arbitration agreement covers any legal claims or disputes that Anthony may have against Dollar General and its affiliated companies arising out of his employment with Dollar General or his termination from the company. Roach Decl. Ex. 2, Arbitration Agreement.

Accordingly, Anthony is required to arbitrate his claims against Dolgencorp. The parties shall proceed to arbitration on all of Anthony's claims against Dolgencorp in accordance with the terms of their agreement. The Court stays all proceedings in this Court pending arbitration. *See* 9 U.S.C. § 3. Every ninety days following entry of this order, the parties shall file a joint status report to update the Court on the progress of arbitration.

IT IS SO ORDERED, this 8th day of October, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA